86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David AUER, Plaintiff-Appellant,
v.
Jane BIDINIAN, in her official capacity as Parole Officer;
California Department of Corrections, Defendants-Appellees.
 No. 94-16752.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1996.*
Decided May 23, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former state prisoner David Auer petitions for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction for possession of a controlled substance. The district court denied Auer's petition on the ground that Stone v. Powell, 428 U.S. 465 (1976), barred federal review. We have jurisdiction, 28 U.S.C. § 2253, and we affirm.
 
 
 3
 * As a general rule, we are precluded from reviewing Fourth Amendment claims on habeas: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 482. Auer contends that he was denied a "full and fair opportunity" because the state appellate court's refusal to consider his argument on the merits was based upon a "totally novel procedural ground, one which had been repeatedly and emphatically rejected by the state courts for years." We disagree.
 
 
 4
 The appellate court declined to hear Auer's argument because he was attempting to raise a new theory--that the inventory search did not conform with standard police procedures--for the first time on appeal.[1] This was not a novel procedural rule; indeed, Auer concedes that no party may advance a new theory of suppression on appeal. See Lorenzana v. Superior Court of Los Angeles County, 511 P.2d 33, 43 (Cal.1973) (in bank) (holding that "[a]ll parties face [ ] the obligation of presenting all their testimony and arguments relative to the question of the admissibility of the evidence" at the suppression hearing).
 
 
 5
 Auer insists, however, that at the time of his trial California had carved out an exception to this rule. He claims that California case law provides that a defendant effectively raises every ground for suppressing evidence merely by alleging at trial that the evidence was recovered in a warrantless search. It is true that one appellate district in California has announced such an exception, see People v. Sedillo, 185 Cal.Rptr. 475 (Cal.App.1982), but a decision from one California appellate district is not binding upon any other district. See 9 B.E. Witkin, California Procedure § 772 (3d ed. 1985) ("One district or division may refuse to follow a prior decision of a different district or division, for the same reasons that influence the federal Courts of Appeals of the various circuits to make independent decisions."). Since the exception announced in Sedillo lacked any precedential force, Auer's reliance on that case cannot excuse his failure to comply with California's longstanding requirement that all arguments for suppressing evidence must be presented at the suppression hearing. See, e.g., People v. Eckstrom, 231 Cal.Rptr. 664, 668-69 (Cal.App.1986).
 
 
 6
 Because Auer's reliance on Sedillo was unjustified, his case is distinguishable from United States ex rel. Bostick v. Peters, 3 F.3d 1023, 1029 (7th Cir.1993) (full and fair opportunity denied due to "unanticipated and unforeseeable application of a rule on appeal") (emphasis added); Riley v. Gray, 674 F.2d 522, 527 (6th Cir.) (full and fair opportunity denied where petitioner's failure to anticipate procedural rule was "justified"), cert. denied, 459 U.S. 948 (1982); and O'Berry v. Wainwright, 546 F.2d 1204, 1217 n. 18 (5th Cir.) (noting that "[n]ovelty in procedural requirements cannot be permitted to thwart review ... [for] those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights") (emphasis added) (citation omitted), cert. denied, 433 U.S. 911 (1977).
 
 II
 
 7
 The appellate court's refusal to consider Auer's inventory search argument was based on the longstanding procedural rule that new arguments cannot be raised for the first time on appeal. Auer's reliance on nonbinding case law to the contrary was unjustified. In these circumstances, Auer received a full and fair opportunity to litigate and we are precluded from considering his claim under Stone v. Powell.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the suppression hearing, Auer argued that the police were not entitled to perform an inventory search of his car, but did not argue that the scope of the inventory search was improper